**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TERRY BOKHIRIA,<br>Plaintiff,<br>v.<br>SAFECO INSURANCE COMPANY OF INDIANA,<br>Defendant. | Civil Action No.<br>1:25-cv-00221-SDG |

**OPINION AND ORDER**

This case is before the Court on Defendant Safeco Insurance Company of Indiana's motion for summary judgment [ECF 18]. Because Plaintiff Terry Bokhiria has not come forward with evidence showing that Safeco failed to pay a loss covered by her insurance policy, Safeco's motion is **GRANTED**.

## I. BACKGROUND

Bokhiria owns a home in Covington, Georgia.[1] Bokhiria insures the home via a homeowners insurance policy issued by Safeco.[2] On January 21, 2024, Bokhiria's neighbor alerted her to a significant amount of water coming down her driveway.[3] When Bokhiria returned home, she found a hole in the ceiling of her

1 ECF 25-1, ¶ 2.

2 *Id.*

3 *Id.* ¶ 3.

garage caused by a water leak.[4] Bokhiria had the water shut off at her home and reported the damage to Safeco.[5]

Safeco arranged for a mitigation company to visit Bokhiria's property the next day.[6] Bokhiria told the mitigation company that pipes burst in the ceiling of her garage, flooding the garage and causing the drywall in the ceiling to collapse.[7] Bokhiria also reported that tools in her garage were damaged.[8] Bokhiria then called a plumber to fix the burst pipe and a contractor to repair the hole in the ceiling, at least temporarily.[9] Bokhiria did not submit the invoice for the contractor's work to Safeco.[10]

In February 2024, Safeco notified Bokhiria that it would pay her $1,048.90 for her loss, reflecting the policy's $2,000 deductible and certain other adjustments.[11] Bokhiria demanded $63,398.19 for her losses.[12]

---

4 *Id.* ¶¶ 4–5.

5 *Id.* ¶¶ 6–7.

6 *Id.* ¶¶ 9–10.

7 *Id.* ¶ 10.

8 *Id.*

9 *Id.* ¶¶ 11–15.

10 *Id.* ¶ 16.

11 *Id.* ¶ 18.

12 *Id.* ¶ 21.

In November 2024, after Safeco did not accede to her demand, Bokhiria filed suit in the Superior Court of Newton County, Georgia.[13] Bokhiria's complaint alleges three counts: (I) breach of contract; (II) bad faith failure to pay a claim under O.C.G.A. § 33-4-6; and (III) attorneys' fees under O.C.G.A. §§ 9-15-14 and 13-6-11. Safeco removed the case based on this Court's diversity jurisdiction, and the Court denied Bokhiria's motion to remand.[14] After discovery ended, Safeco moved for summary judgment on all of Bokhiria's claims.[15] Bokhiria concedes that Safeco is entitled to summary judgment on Count III but opposes as to Counts I and II.[16]

## II. APPLICABLE LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it can affect the outcome of the lawsuit under the governing legal principles. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary" are not material. *Id.* A factual dispute is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

---

13 Compl., ECF 1-1.

14 ECFs 1, 20.

15 ECF 18.

16 ECF 25.

A party seeking summary judgment has the burden of informing the district court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a movant meets its burden, the party opposing summary judgment must present evidence showing either (1) a genuine issue of material fact or (2) that the movant is not entitled to judgment as a matter of law. *Id.* at 324. The non-movant "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. If the evidence relied on by the non-movant is "merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249–50 (citations omitted).

The Court views the evidence in the light most favorable to the party opposing summary judgment, "and all justifiable inferences are to be drawn" in favor of that party. *Anderson*, 477 U.S. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions" and cannot be made by the district court. *Id.* Summary judgment for the moving party is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see also Anderson*, 477 U.S. at 250 ("The inquiry performed is the threshold inquiry of determining

whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.”).

## III. DISCUSSION

Safeco seeks summary judgment on Bokhiria’s breach of contract claim on the ground that Bokhiria has no evidence that Safeco failed to pay a loss covered by her policy. Thus, according to Safeco, because Bokhiria’s breach of contract claim fails, her O.C.G.A. § 33-4-6 bad faith claim fails as well. As mentioned previously, Bokhiria concedes that Safeco is entitled to summary judgment on Count III’s claim for attorneys’ fees. After careful consideration, the Court concludes that Bokhiria has failed to meet her burden to present evidence showing that Safeco breached the policy or failed to pay her claim in bad faith. Accordingly, Safeco’s motion for summary judgment is granted.

### A. Count I: Breach of Contract

“An insurance policy is simply a contract, the provisions of which should be construed as any other type of contract.” *Am. Empire Surplus Lines Ins. Co. v. Hathaway Dev. Co.*, 288 Ga. 749, 750 (2011) (citation omitted). To recover on a breach of contract claim, Bokhiria must prove “the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken.” *UWork.com, Inc. v. Paragon Techs., Inc.*, 321 Ga. App. 584, 590 (2013)

(citation omitted). A breach includes, as relevant here, where a contracting party "fails to perform the engagement as specified in the contract." *Id.*

Bokhiria argues that Safeco breached the policy by failing to pay the "actual cash value" of her loss,[17] which is defined in the policy to essentially restore the value of the property to its condition at the time of the loss.[18] It is undisputed that Safeco issued a payment to Bokhiria of $1,048.90, equal to an actual cash value of $3,048.90 less the policy's $2,000 deductible.[19] The payment also reflected $2,017.19 for water mitigation services paid by Safeco, as well as a $198.35 allowance for

---

17 ECF 25, at 3. In her response, Bokhiria requests leave to amend her complaint "to include the policy provisions." *Id.* However, the policy was submitted as evidence in support of Safeco's motion, and so the Court sees no need to amend the complaint.

18 Specifically, "actual cash value" is defined in the policy as follows:

> (1) When damage to property is economically repairable, actual cash value shall mean the cost of materials and labor that would be necessary to repair the damage, less reasonable deduction for wear and tear, deterioration and obsolescence.
>
> (2) When damage to property is not economically repairable or loss prevents repair, actual cash value shall mean the market value of property in a used condition equal to that of the lost or damaged property, if reasonably available on the used market.
>
> (3) Otherwise, actual cash value shall mean the market value of new, identical or nearly identical property, less reasonable deduction for wear and tear, deterioration and obsolescence.
>
> (4) Actual cash value shall not include taxes or any expenses unless incurred following the loss.

ECF 18-3, at 38 (emphases omitted).

19 ECF 25-1, ¶ 18; *see also* ECF 18-7 (Ex. 8 to Bokhiria's Depo.).

debris removal costs, in the event those costs were incurred.[20] Thus, to show that Safeco breached the policy, Bokhiria must present evidence showing that the actual cash value of her loss was greater than $3,048.90.

However, Bokhiria has not properly presented any evidence as to the amount of her loss. Indeed, a review of Bokhiria's statement of additional material facts shows that it contains no reference to her actual loss. The Local Rules are clear: "The Court will not consider any fact . . . set out only in the brief and not in the movant's statement of undisputed facts." LR 56.1(B)(1), NDGa; *see also* LR 56.1(B)(2)(b), NDGa (respondent's statement of additional facts "must meet the requirements set out in LR 56.1(B)(1)"). And the Eleventh Circuit has emphasized that "failure to comply with local rule 56.1 is not a mere technicality," as "[t]he rule is designed to help the court identify and organize the issues in the case." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). The rule "protects judicial resources by making the parties organize the evidence rather than leaving the burden upon the district judge." *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008) (internal quotation marks, alteration, and citation omitted).

Instead, Bokhiria appears to conflate Safeco's burden as the insurer to prove an exclusion from coverage with her own evidentiary burden at summary

---

20 *Id.*

judgment, as the party with the burden of proof on her breach of contract claim. "[I]n an action on an insurance policy, the insured must show that the occurrence was within the type of risk insured against in order to make a prima facie case." *AFLAC Inc. v. Chubb & Sons, Inc.*, 260 Ga. App. 306, 306 (2003) (citing *Ga. Farm Bureau Mut. Ins. Co. v. Alloway*, 134 Ga. App. 660, 661 (1975)). Then, if the insurer "seeks to invoke an exclusion contained in its policy, it has the burden of showing both the existence of the exclusion and its applicability." *Furgerson v. Cambridge Mut. Fire Ins. Co.*, 237 Ga. App. 637, 638 (1999) (citing *Darby v. Interstate Life & Acc. Ins. Co.*, 107 Ga. App. 409, 409 (1963)).

Bokhiria's policy provides that Safeco will "cover accidental direct physical loss to property . . . except as limited or excluded."[21] This type of policy is commonly referred to as an "all risks" policy. *See, e.g.*, *Broome v. Allstate Ins. Co.*, 144 Ga. App. 318, 318 (1977) ("The policy was an 'all risks' policy covering the dwelling and its appurtenances 'against all risks of physical loss to the property covered except as otherwise excluded or limited.'"). To show that the alleged damage to her home came within the policy, Bokhiria must present evidence that it was an "accidental direct physical loss" to her home property, meaning "an actual change in insured property then in a satisfactory state, occasioned by

---

21 ECF 18-3, at 16.

accident or other fortuitous event directly upon the property causing it to become unsatisfactory for future use or requiring that repairs be made to make it so." *AFLAC*, 260 Ga. App. at 308. If Bokhiria's burden is met, "the burden shifts to the insurer to prove that the loss was caused by an excluded hazard." Ga. Prop. & Liab. Ins. Law § 3:17 (citing *Mathis v. Hanover Ins. Co.*, 127 Ga. App. 89 (1972)).

Safeco does not argue that the burst pipe was not an accident or fortuitous event, or that the damage caused by the burst pipe was otherwise excluded from coverage. Rather, Safeco argues that Bokhiria, as the party with the burden of proof, has not met her burden because she has presented no evidence that Safeco breached the policy by failing to pay a loss caused by the burst pipe, taking into account Safeco's earlier payment. "[D]amages for breach of contract claims are compensatory awards designed to give the injured party the benefit of his bargain." *Turner Broad. Sys., Inc. v. McDavid*, 303 Ga. App. 593, 611 (2010). "Where a party sues for damages, he has the burden of proof of showing the amount of loss in a manner in which the jury . . . can calculate the amount of the loss with a reasonable degree of certainty." *MCI Commc'ns Servs. v. CMES, Inc.*, 291 Ga. 461, 463 (2012) (quoting *Lester v. S. J. Alexander, Inc.*, 127 Ga. App. 470, 471 (1972)) (answering a certified question from the Eleventh Circuit on appeal of a grant of partial summary judgment on damages).

While Bokhiria attempts to rely on two documents in her brief (the affidavit of Steffany Velazquez and a "plumbers [sic] report," apparently exhibit 3 to Bokhiria's deposition), arguing that they show that her "damages were consistent with the covered loss of frozen pipe bursts,"[22] neither of those documents are referenced in her statement of additional facts, and the plumber's report does not appear to be in evidence at all. The Court will therefore decline to consider this purported fact. LR 56.1(B)(1), 56.1(B)(2)(b), NDGa. And even if her damages were consistent with a burst pipe, and therefore covered by the policy, Bokhiria has still not presented evidence from which a jury could calculate the amount of her loss with a reasonable degree of certainty.[23]

Because Bokhiria has not set forth specific facts, supported by citation to evidence, showing that the actual cash value of her loss was greater than the $3,048.90 paid by Safeco, she has failed to demonstrate that there is a genuine

---

22 ECF 25, at 5.

23 The Court notes that Safeco's statement of material facts refers to Bokhiria's pre-suit demand for $63,398.19, though Safeco argues that the demand does not explain how the estimated losses were caused by the burst pipe or lay a foundation to admit the estimate as expert testimony. ECF 18-2, ¶¶ 30–36. The affidavit of Steffany Velazquez appears to be a belated attempt to cure that deficiency, ECF 25-5, but for the reasons stated above the Court will not consider the affidavit, and Bokhiria does not argue that the estimate is otherwise admissible to show her losses caused by the burst pipe.

dispute of material fact as to her breach of contract claim. Accordingly, Safeco is entitled to summary judgment on Count I.

**B. Count II: Bad Faith Failure to Pay Claim under O.C.G.A. § 33-4-6**

"OCGA § 33-4-6 provides a means for an insured to recover bad faith penalties against an insurer." *Montgomery v. Travelers Home & Marine Ins. Co.*, 360 Ga. App. 587, 591 (2021). To prevail on a bad faith claim, "the insured must prove: (1) that the claim is covered under the policy, (2) that a demand for payment was made against the insurer within 60 days prior to filing suit, and (3) that the insurer's failure to pay was motivated by bad faith." *BayRock Mortg. Corp. v. Chicago Title Ins. Co.*, 286 Ga. App. 18, 19 (2007). Because there is no evidence that the actual cash value of Bokhiria's loss exceeded the $3,048.90 paid by Safeco, she cannot prevail on her bad faith claim. *See Auto-Owners Ins. Co. v. Barnes*, 188 Ga. App. 439, 441 (1988) (because the insurer "was correct in withholding payment of more than $2,000, under the facts of the instant case we find that neither the statutory penalty nor attorney fees were authorized as a matter of law"). Accordingly, Safeco is entitled to summary judgment on Count II.

## IV. CONCLUSION

Safeco's motion for summary judgment [ECF 18] is **GRANTED**.

The Clerk of Court is **DIRECTED** to enter judgment in favor of Safeco and to close this case.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge